THE UNITED STATES, PLAINTIFFS IN ERROR v. WALTER JONES, ADMINISTRATOR DE BONIS NON OF BENJAMIN G. ORR.

The case was argued by Mr Butler, attorney-general, for the United States; and by Mr Coxe and Mr Jones, for the defendant.

Mr Coxe and Mr Jones, contra :

394

Mr Justice M'LEAN delivered the opinion of the Court.

This suit was originally brought by the plaintiffs, against Benjamin G. Orr, who has since deceased, in the circuit court of the United States for the District of Columbia, to recover the balance of a treasury settlement, charged against him on .the books of the treasury department. At the trial, several excep-

tions were taken to the instruction of the court to the jury, and those exceptions are brought before this court, for their decision, by a writ of error.

On the 15th of January 1817, Orr made a contract with the government, to supply the troops of the United States with rations, &c. within a certain district, and executed a bond and contract, agreeably to the usages of the war department, in such cases.

The action was brought upon the bond, and at the trial, the plaintiffs gave in evidence the contract annexed to the bond, and a treasury statement, which showed a balance against Orr of two thousand and twelve dollars and thirty-two cents.

And the plaintiffs also gave in evidence another transcript, in order to prove that Orr, under a previous account with the United States, had been paid a balance of nineteen thousand one hundred and forty-nine dollars and one cent, stated to be due to him, which was paid to his agent, under a power of attorney, and the receipt for the same was indorsed on the back of the account. And the court, on the prayer of the defendant, instructed the jury, that this second transcript was not evidence, per se, to establish all the items charged to the defendant; to which instruction the plaintiffs excepted.

The item principally objected to, was paid to Richard Smith, as the agent of Orr. In proof of this agency, the following letter was relied on, and which was annexed to the transcript. "Washington, 6th May 1819. Sir: I will thank       to pay to R. Smith, Esquire, any sum which may be found due me on my late Georgia contract, to the amount of, or within the limit of twenty-five thousand five hundred dollars, which will cover the interest which has accrued upon the drafts heretofore conditionally accepted of, as well as the principal; and oblige yours, &c." Signed "Benjamin G. Orr," and directed to the secretary of war.

On the back of the transcript was indorsed the following receipt, "Received, May 4th 1819, warrant numbered 3944, for nineteen thousand one hundred and forty-nine dollars and one cent, in full of the within account. Signed, Richard Smith."

Orr's contract commenced on the 1st day of June 1817, and terminated on the 31st day of May 1818.

It appears, therefore, that at the time the above order was given to Smith, the contract of Orr had expired nearly a year. The order requested the secretary of war to pay any *sum that might be due* on the contract, not exceeding a specified amount. Under this authority the government could not pay to Smith, so as to charge Orr, a larger sum than was due on his contract. It was neither the expectation of Smith to receive, nor the intention of Orr to pay a greater amount than was due on his contract; and for any payment beyond this, the government must look to the agent, and not to Orr, for repayment.

It therefore appears that the circuit court did not err in their instruction, above stated, to the jury.

The counsel for the United States, in addition to the above transcript, the power of attorney to Smith, and his receipt, proved, by Smith, that the money received by him under the said power of attorney, was applied to the credit of Orr, in the Bank of the United States, at Washington; which payment, the witness supposed was made known to Orr, though he could not speak positively on the subject, as he did not communicate the information to him.

And the counsel who offered this evidence stated, that he offered it to show that the accounts between Orr and the government, under the contract of the 15th of January 1817, had been settled up to that time, and that the balance of nineteen thousand one hundred and forty-nine dollars and one cent had been paid to Smith as the agent of Orr; and that he offered the evidence for no other purpose.

The counsel for the United States then gave in evidence to the jury, a subsequent account between Orr and the government, under the above contract. And on the prayer of the defendant, the court instructed the jury, " that the said accounts were not competent, per se, upon which to charge the defendant or his intestate, for any sums therein contained, further than the mere payment of money from the treasury to the said intestate, or to his authorised agent."

The items embraced by this instruction were charges made against Orr for the acts of certain persons alleged to be his agents, without annexing to the transcript copies of any papers showing their agency, or offering any proof that they acted under the authority of Orr; the circuit court, therefore, pro-

perly instructed the jury, that the transcript, per se, did not prove these items.

The plaintiffs then proved by Richard Smith, that he received, as the agent of Orr, six thousand three hundred and fifty dollars and ninety-nine cents, on warrant No. 5471, under the contract, and that the same was applied to the credit of Orr, in the Bank of the United States at Washington, of which payment the witness believed Orr had notice.

The counsel for the plaintiffs stated, that they confined their claim to the above item, which was the first one charged in the treasury account marked A. And the counsel for the defendant then moved the court to instruct the jury, that this account, as also the preceding one offered in evidence by the plaintiffs, was evidence for the defendant, for the items of credits contained in either, and that in claiming them, he did not admit the debits; which instruction was given by the court, and to which an exception was taken.

This instruction involves the same question which has already been decided, between the same parties, at the present term. There was no error in giving the instruction.

In the further progress of the trial, the plaintiffs offered to withdraw from the jury the said two accounts mentioned in the preceding exception, and all the evidence connected with said accounts; to which the defendant's counsel objected; and the court refused the motion.

A treasury account which contains credits as well as debits, is evidence for the defendant as well as the government; and, unless there be an abandonment of the suit by the counsel for the government, it has no right to withdraw from the jury any part of the credits relied on by the defendant.

The next and last instruction given by the court on the prayer of the defendant, and to which the plaintiffs excepted, was, " that the said transcript A, from the books and proceedings of the treasury, can only be regarded as establishing such of the items of debit, in the account stated in the said transcript, as are for moneys disbursed through the ordinary channels of the treasury department, where the transactions are shown by its books, and where the officers of the department must have had official knowledge of the facts stated ; but that the transcript is evidence for the defendant of the full amount

of the credits there instated ; and that, by relying on the said transcript, as evidence of such credits, the defendant does not admit the correctness of any of the debits in the said account, of which the transcript is not, per se, evidence ; and that the said transcript is not, per se, evidence of any of the items of debit therein stated, except the first."

The correctness of the principle laid down by the court, in this instruction, has been recognised by this court, in a case between the same parties, at the present term, as above referred to.

As this court sanctions all the instructions of the circuit court given to the jury, in this case, at the prayer of the defendant, and also in refusing to instruct on the prayer of the plaintiffs, the judgment of the circuit court is, as a matter of course, affirmed.

. This cause came on to be heard on the transcript of the record from the circuit court of the United States, for the District of Columbia, holden in and for the county of Washington, and was argued by counsel ; on consideration whereof,. it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed.